# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Heys Edward McMath III, ) | Civil Action No. 4:17-cv-01219-JMC |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Bannum Inc. d/b/a Bannum Place and ) | |
| Federal Bureau of Prisons, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Petitioner Heys Edward McMath III ("Petitioner"), a federal prisoner currently serving the last portion of his sentence on home confinement, filed this action against Defendants Bannum Inc. d/b/a Bannum Place ("Bannum") and the Federal Bureau of Prisons ("BOP") (together "Defendants") seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

This matter is before the court pursuant to Petitioner's Emergency Motion for Temporary Restraining Order (the "TRO Motion"). (ECF No. 3.) For the reasons set forth below, the court **DENIES** Petitioner's TRO Motion.

## I. RELEVANT BACKGROUND TO PENDING MOTION

Petitioner alleges that he is currently serving a term of imprisonment of 42 months, which sentence began on August 1, 2014, and is scheduled to be completed on August 4, 2017. (ECF No. 1 at 3 ¶¶ 13 & 14.) Petitioner alleges that in March of 2017, the BOP transferred him from FPC Montgomery in Alabama to the Bannum Place, a halfway house in Greenville, South Carolina. (Id. ¶ 15.) Petitioner further alleges that on April 21, 2017, he was released to home confinement. (Id. ¶ 21.) On April 25, 2017, Petitioner alleges that Bannum drug tested him as a condition of home confinement. (Id. at 4 ¶ 22.) Finally, Petitioner alleges that his urine erroneously tested positive for opiates (id. ¶ 23), which he has never taken (ECF No. 1-1 at 2 ¶

6), and, as a result, he was informed by Bannum on May 10, 2017, "to pack his things and return to the halfway house." (ECF No. 1 at 5 ¶ 38.)

As a result of the foregoing, and based on his belief that he has "a liberty interest in his home confinement" that "cannot be taken away from him without due process of law" (ECF No. 1 at 6 ¶ 41), Petitioner filed a Petition for Writ of Habeas Corpus, a Writ of Mandamus (together the "Habeas Petition") and the instant TRO Motion on May 10, 2017. (ECF Nos. 1 & 3.)

## II. LEGAL STANDARD AND ANALYSIS

A. <u>Temporary Restraining Orders Generally</u>

Motions for temporary restraining order are governed by the same general standards that govern the issuance of a preliminary injunction. <u>Hoechst Diafoil Co. v. Nan Ya Plastics Corp.</u>, 174 F.3d 411, 422 (4th Cir. 1999). The court's authority to issue preliminary injunctions arises from Fed. R. Civ. P. 65. However, "[p]reliminary injunctions are not to be granted automatically." <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir. 1980). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>The Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 575 F.3d 342, 346–47 (4th Cir. 2009). Only after the movant makes a clear showing that he is likely to succeed on the merits of his claim and that he is likely to be irreparably harmed absent injunctive relief may the court consider whether the balance of equities tips in his favor. <u>See</u> <u>Real Truth</u>, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. <u>Real Truth</u>, 575 F.3d at 347 (citing <u>Winter</u>, 555 U.S. at 24).

The court may only grant a TRO, which is issued "without written or oral notice to the adverse party," under the strict conditions set forth above. Fed. R. Civ. P. 65.

B.  The Court's Review

In support of his TRO Motion, Petitioner offers his Habeas Petition (ECF No. 1) and a declaration from his attorney, George Campbell. (See ECF No. 1-1.) The court observes that these documents provide factual background/context for the dispute, but they lack the requisite, substantive arguments required by Fed. R. Civ. P. 65 to grant Petitioner's TRO Motion. As a result, the court is not persuaded that Petitioner is likely to succeed on the merits of his Habeas Petition. Petitioner contends that his due process rights will be violated if his home confinement is revoked under the circumstance presented. (E.g., ECF No. 1 at 6 ¶ 40.) He further specifies all of the various procedures (i.e., attend a hearing, present evidence, have a polygraph administered) he is entitled to receive under due process. (See ECF No. 1 at 4 ¶ 30–5 ¶ 36.) However, Petitioner's arguments presume that it is a violation of due process if he is not allowed to remain on home confinement during the pendency of the BOP's review of his placement status after the alleged drug test failure. In this regard, Petitioner has failed to cite any authority that requires the court to embrace this presumption.[1] Therefore, upon consideration of the Habeas Petition, the Campbell Affidavit, and the TRO Motion, the court finds that Petitioner has failed to demonstrate that the aforementioned injunctive relief factors require the court to grant the TRO Motion.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the Motion for

---

[1] A secondary concern for the court is that Petitioner is also seeking to proceed under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706. (See ECF No. 1 at 8 ¶¶ 53–56.) Discretionary decisions made by the BOP regarding prerelease placement of federal prisoners are generally exempt from the judicial review provisions of the APA. See 18 U.S.C. § 3625.

Temporary Restraining Order of Petitioner Heys Edward McMath III. (ECF No. 3.) The court instructs Petitioner to file any and all documentation supporting a Motion for Preliminary Injunction by 5 p.m. on Friday, May 19, 2017. The court will conduct a hearing on the matter of Petitioner's Motion for Preliminary Injunction as soon as possible upon the court's receipt of information confirming the service of injunctive relief documentation on Defendants.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 12, 2017
Columbia, South Carolina